UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO MONCION RODRIGUEZ,

                    Petitioner,

          -against-

ORANGE COUNTY CORRECTIONAL FACILITY;
DEPARTMENT OF HOMELAND SECURITY,

                    Respondents.

1:23-CV-0242 (JGK)

ORDER TO AMEND

JOHN G. KOELTL, United States District Judge:

Before the Court is a *pro se* petition for a writ of *habeas corpus*, brought under 28 U.S.C.

§ 2241, which appears to have been filed by a person other than Petitioner Antonio Moncion

Rodriguez, on Petitioner's behalf.[1] The petition names as Respondents the Orange County

Correctional Facility ("OCCF") and the Department of Homeland Security ("DHS"); it alleges

that Petitioner is currently held in immigration detention in the OCCF, in Goshen, Orange

County, New York, and it seeks his release from immigration detention. For the reasons

discussed below, the Court grants Petitioner (or, if appropriate, the relevant next friend) leave to

file an amended petition within 60 days of the date of this order.

---

[1] The filing fee to bring this *habeas corpus* action has been paid.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a petitioner in custody, or from another person (a "next friend"), challenging the legality of the petitioner's detention on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2242. The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

**BACKGROUND**

While the present petition is sparse as to factual allegations, it does assert the following: Petitioner is currently held in immigration detention in the OCCF by order of the DHS's Immigration and Customs Enforcement ("ICE") division; he is being held pursuant to an unspecified immigration charge. Petitioner was taken into immigration custody on July 19, 2021, but the relevant unspecified decision or action did not take place until January 8, 2023. The unspecified decision or action that the petition is challenging is "detention and violation of due process." (ECF 1, at 2.) The petition states that Petitioner has not filed any type of administrative appeal with the Board of Immigration Appeals ("BIA") or sought judicial review by a United States Court of Appeals.

The petition also states the following as the sole ground for *habeas corpus* relief: "Petitioner has an application pending and is being held in violation of due process." (*Id.* at 6.) The only supporting facts listed for that ground are: "The petitioner traveled back on advance parole and was being held." (*Id.*)

## DISCUSSION

### A.    Proper respondent

The petition must be amended to name the proper individual as respondent. The default rule is that a Section 2241 challenge to a petitioner's detention must be made in the federal district court for the judicial district of confinement because the proper respondent is the petitioner's immediate custodian and, thus, only that federal district court has jurisdiction over the immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435, 442-43 (2004).[2] Most of this Circuit's District Judges have held that the proper respondent for an immigration-detention challenge is the warden of the facility in which the alien is held; the proper venue is, therefore, the judicial district of confinement. *See, e.g.*, *Heller v. Barr*, No. 19-CV-4003, 2019 WL 2223183, at *1-2 (S.D.N.Y. May 22, 2019). But some have held that a supervisory federal immigration official is the proper respondent and, therefore, the proper venue is the judicial district where that official is located. *See, e.g.*, *Rodriguez Sanchez v. Decker*, No. 18-CV-8798, 2019 WL 3840977, at *2-4 (S.D.N.Y. Aug. 15, 2019).

The present petition challenges Petitioner's current immigration detention, and alleges that Petitioner is currently held in the OCCF, in Goshen, Orange County, New York, which lies within this judicial district, the Southern District of New York. *See* 28 U.S.C. § 112(b). But it also alleges that Petitioner is being held in immigration detention pursuant to an order issued by ICE; it does not specify the name of the individual immigration official who is supervising Petitioner's detention. Thus, it appears that either the Warden of the OCCF or the immigration official who is supervising Petitioner's detention is the proper respondent for this Section 2241 *habeas corpus* action, not the OCCF or the DHS, the currently named respondents. Accordingly,

---

[2] In *Padilla*, the Supreme Court of the United States specifically declined to address whether this immediate-custodian rule applies to detained aliens facing deportation. *See id.* at 435, n.8.

4

the Court grants Petitioner (or, if appropriate, the relevant next friend) leave to file an amended

petition in which either the Warden of the OCCF, the immigration official who is supervising

Petitioner's detention, or both, are named as respondent. The amended petition will have to

explain why this Court has jurisdiction over this action.[3]

**B.     Grounds for *habeas corpus* relief and supporting facts**

The petition, in its current state, does not specify the grounds upon which *habeas corpus*

relief is sought or the facts that support those grounds. Under Rule 2(c)(1) and (2) of the Rules

Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), a

*habeas corpus* petition must specify all of the petitioner's grounds for relief, and it must include

all the facts that support those grounds.[4] A petition must permit the Court and the respondent to

comprehend both the grounds for relief and the underlying facts and legal theory supporting each

ground so that the issues presented in the petition may be adjudicated.

The present petition does not conform to Rule 2(c)(1) or (2); it does not specify

Petitioner's ground(s) for *habeas corpus* relief, and it provides little or no facts to support any

ground(s). Even with the liberal construction that must be applied to a *pro se* petition, neither the

Court nor any respondent would be able to discern the legal basis for the relief sought –

Petitioner's release from immigration detention.

Because this is a *pro se* action, the Court grants Petitioner (or, if appropriate, the relevant

next friend) leave to file an amended petition in which all of the grounds for Section 2241

*habeas corpus* relief are specified, and in which all of the facts supporting those grounds are

---

[3] If the Court finds that it lacks jurisdiction over this action, the Court may transfer this
action to the court that does have jurisdiction over this action. *See* 28 U.S.C. §§ 1361, 1406(a).

[4] There are no such rules for Section 2241 petitions. But these rules, which govern
*habeas corpus* petitions brought under 28 U.S.C. § 2254, may be applied to other types of
*habeas corpus* petitions. *See* Rule 1(a) and (b) of the Section 2254 Rules.

included. The Court encourages the attachment of copies of relevant documents (documents issued by DHS, ICE, an Immigration Court, and/or the BIA) to the amended petition.

## C.    Exhaustion of administrative remedies

Generally, a petition seeking Section 2241 *habeas corpus* relief must allege facts showing either that all appropriate administrative remedies were exhausted before the petition was filed, such exhaustion would be futile, or that the relevant agency has predetermined the issue before it. *See, e.g.*, *Carmona v. BOP*, 243 F.3d 629, 634 (2d Cir 2001); *Araujo-Cortes v. Shanahan*, 35 F. Supp.3d 533, 538 (S.D.N.Y. 2014), *appeal withdrawn*, No. 14-3719, 2018 WL 11415404 (2d Cir. May 4, 2018).

Here, the present petition does not allege anything to show that the relevant administrative remedies have been exhausted, such exhaustion would be futile, or that any federal agency has predetermined the issue before it regarding Petitioner's immigration detention. The Court grants leave to amend the petition to allege such facts. Again, the Court encourages the attachment of copies of any relevant documents to the amended petition.

## D.    Next friend

The Court notes that because Petitioner Antonio Moncion Rodriguez did not sign the petition and, because it was signed by another person, that other person may be attempting to seek Section 2241 *habeas corpus* relief for Petitioner, on Petitioner's behalf, as a "next friend." It is possible for a "next friend" to seek *habeas corpus* relief on behalf of another person who is in custody. *See* 28 U.S.C. § 2242. The next friend "does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). But the next friend:

6

> must provide an adequate explanation – such as inaccessibility, mental
> incompetence, or other disability – why the real party in interest cannot appear on
> his own behalf to prosecute the action. . . . [T]he 'next friend' must [also] be truly
> dedicated to the best interests of the person on whose behalf he seeks to litigate,
> and it has been further suggested that a 'next friend' must have some significant
> relationship with the real party in interest.

*Id.* at 163-64 (citations omitted).

To the extent that another person is seeking Section 2241 *habeas corpus* relief for

Petitioner on Petitioner's behalf, there is nothing included in the present petition showing why

Petitioner is unable to seek such relief for himself, why the proposed next fried is dedicated to

Petitioner's cause, or what relationship, if any, the proposed next friend has with Petitioner. The

Court therefore grants leave to amend the petition to include such information.

If Petitioner wishes to proceed on his own behalf in this action *pro se*, he must sign the

amended petition; if the proposed next friend wishes to pursue *habeas corpus* relief on

Petitioner's behalf *pro se*, he/she must sign the amended petition. *See* § 2242; Rule 2(c)(5) of the

Section 2254 Rules.

## CONCLUSION

The Court grants leave to file an amended petition for a writ of *habeas corpus* under 28

U.S.C. § 2241, as specified above. The amended petition must be submitted to this Court's Pro

Se Intake Unit within 60 days of the date of this order, be captioned as an "Amended Petition,"

and bear the same docket number as this order (1:23-CV-0242 (JGK)). An amended petition

form is attached to this order, which should be completed as specified above. If this order is not

complied with within the time allowed, and good cause cannot be shown to excuse such failure,

the Court will deny the petition.

Because there has been no substantial showing of a denial of a constitutional right, a

certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

7

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:
New York, New York
1/19/23

JOHN G. KOELTL
United States District Judge

8

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

|  |  |
|---|---|
| _____<br>*Petitioner*<br><br>v.<br><br>_____<br>*Respondent*<br>*(name of warden or authorized person having custody of petitioner)* | )<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)   *(Supplied by Clerk of Court)*<br>)<br>)<br>) |

## AMENDED
### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1.  (a)  Your full name: _____

    (b)  Other names you have used: _____

2.  Place of confinement:

    (a)  Name of institution: _____

    (b)  Address: _____

    _____

    (c)  Your identification number: _____

3.  Are you currently being held on orders by:

    ❑ Federal authorities        ❑ State authorities        ❑ Other - explain: _____

4.  Are you currently:

    ❑ A pretrial detainee (waiting for trial on criminal charges)

    ❑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a)  Name and location of court that sentenced you: _____

    _____

    (b)  Docket number of criminal case: _____

    (c)  Date of sentencing: _____

    ❑ Being held on an immigration charge

    ❑ Other *(explain):* _____

    _____

    _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Decision or Action You Are Challenging

5.    What are you challenging in this petition:

❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

_____

_____

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

_____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

_____

(d)  Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes                    ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❐ Yes                    ❐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❐ Yes                    ❐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes                    ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court:    _____

(2) Case number:    _____

(3) Date of filing:    _____

(4) Result:    _____

(5) Date of result:    _____

(6) Issues raised:    _____

_____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court:    _____

(2) Case number:    _____

(3) Date of filing:    _____

(4) Result:    _____

(5) Date of result:    _____

(6) Issues raised:    _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence: _____
        _____
        _____
        _____
        _____
        _____
        _____

11.     **Appeals of immigration proceedings**

        Does this case concern immigration proceedings?

        ❏ Yes                    ❏ No

                If "Yes," provide:

        (a)     Date you were taken into immigration custody: _____

        (b)     Date of the removal or reinstatement order: _____

        (c)     Did you file an appeal with the Board of Immigration Appeals?

                ❏ Yes                    ❏ No

                If "Yes," provide:

                (1)  Date of filing: _____
                (2)  Case number: _____
                (3)  Result: _____
                (4)  Date of result: _____
                (5)  Issues raised: _____
                     _____
                     _____
                     _____
                     _____
                     _____

        (d)     Did you appeal the decision to the United States Court of Appeals?

                ❏ Yes                    ❏ No

                If "Yes," provide:

                (1)  Name of court: _____
                (2)  Date of filing: _____
                (3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                    ☐ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:** _____

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b) Did you present Ground One in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND TWO:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND THREE:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND FOUR:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
      not: _____

_____

_____

_____

**Request for Relief**

15. State exactly what you want the court to do: _____

_____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____          _____
                                                          *Signature of Petitioner*

                                                _____
                                                *Signature of Attorney or other authorized person, if any*